**Antoinette van Putte DE BRUIJN and Jacques de Bruijn, Appellants**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE,**
Appellee.

**No. 03–1160.**

United States Court of Appeals, District of Columbia Circuit.

July 28, 2005.

Antoinette van Putte de Bruijn, The Netherlands, pro se.

Jacques de Bruijn, The Netherlands, pro se.

Teresa Thomas Milton, Attorney, U.S. Department of Justice, Washington, DC, for Appellee.

Before EDWARDS, GARLAND, and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

▮ ORDERED AND ADJUDGED that the judgment of the United States Tax Court and its denial of appellants' motion to vacate be affirmed. Appellants' contention that they did not agree to appellee's August 7, 2002 settlement proposal is without merit, given their express agreement to the terms set forth in the September 11, 2002, correspondence from their attorney V. Jean Owens. *Cf. Ameren Services Co. v. FERC,* 330 F.3d 494, 499 (D.C.Cir.2003) (court determines plain meaning of contract from "the language used by the parties to express their agreement"). Moreover, the August 7, 2002, settlement proposal to which appellants agreed contained no provision for foreign tax credits, and there is, in any event, no indication that appellants filed an IRS Form 1116 to obtain such credits. *See* Treas. Reg. § 1.905–2 ("Whenever the taxpayer chooses ... to claim the benefits of the foreign tax credit, the claim for credit shall be accompanied by Form 1116 in the case of an individual or by Form 1118 in the case of a corporation"). Nor have appellants presented anything of substance to establish that Owens' purported lack of authority to settle on behalf of Starvest invalidated their settlement agreement.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.